IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| BARRY K. HOLT, | Cause No. CV 11-142-BLG-RFC-CSO |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | OF U.S. MAGISTRATE JUDGE |
| Respondents. | |

_____

On December 28, 2011, Petitioner Barry Holt filed an Amended Petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed in forma pauperis.

## I. Motion to Proceed In Forma Pauperis

After reviewing the motion and supporting account statement, I find Holt has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

### III. Background

On November 24, 2009, Holt was convicted of burglary and failure to register as a sex offender in Montana's Twenty-Second Judicial District Court, Carbon County. He was sentenced to serve a total of ten years in prison. He appealed his sentence. On March 11, 2011, the Montana Supreme Court affirmed in part, reversed in part, and remanded the case to have a Level III sex-offender designation stricken as to the burglary conviction. Am. Pet. (doc. 4) at 2-3, ¶¶ 1-8; *State v. Holt*, 249 P.3d 470, 475 ¶ 22 (Mont. 2011).

### IV. Allegations

Holt contends he was denied a speedy trial and that his counsel was ineffective in failing to preserve his right to a speedy trial. He also contends that he was arrested without a warrant, that the prosecutor manipulated the charges against him to maximize his sentencing exposure and to compel him to plead guilty to burglary despite the lack of evidence to support the charge. Holt also claims that the trial court should have granted his motion to dismiss for a *Brady* violation and that counsel was

ineffective for failing to obtain the *Brady* material sooner. As to the conviction for failure to register, Holt alleges that he was not required to register, should not have been designated a Level III sex offender, and should not have been required to complete sex offender treatment as a precondition to parole. He also alleges that appellate counsel was ineffective. *See generally* Am. Pet. at 3-6; Supp. (doc. 4-1) at 1-12.

## V. Analysis

Before a federal court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with respect to each claim he raises in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982). The exhaustion requirement is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Lundy*, 455 U.S. at 520. To fairly present his federal claims to a state court, a petitioner must:

- (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999);

- (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and

- (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.*

A petitioner must meet all three prongs of the test in one proceeding to make a fair presentation of his claim.

Among the several claims in his federal petition, Holt asked the Montana Supreme Court to hold, on direct appeal, that his eligibility for parole should not be conditioned on his completion of sex offender treatment. But he did not ask the Montana Supreme Court to consider federal law in connection with that claim, and he made the request only in connection with the burglary conviction, not failure to register. Consequently, he did not meet the second and third prongs of the exhaustion requirement as to the parole-eligibility claim.

Holt did not present on direct appeal any of the other claims in his federal petition. Although some of them, as phrased, could not now be presented, *see* Mont. Code Ann. § 46-21-105(2), Holt also alleges that his appellate counsel was ineffective because she failed to appeal the issues he raises in his federal petition, *see* Supp. at 5. All of the claims in his federal petition, therefore, may be presented to the trial court in a petition for postconviction relief and, if necessary, appealed to the Montana Supreme Court in that posture.

Additionally, Holt still has time to file a petition for postconviction relief in the trial court. Mont. Code Ann. § 46-21-102(1)(b) (requiring postconviction petition to be filed within one year and ninety days of the date of the Montana Supreme Court's

decision on direct appeal).  Because he *may* file his current claims in state court, he *must* do so if he wishes to file federal claims.

Dismissal of this case is appropriate.  Dismissal at this time will not prejudice Holt; he may file anew in federal court when he has properly exhausted his federal claims in the courts of the State of Montana.  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (holding that second federal petition filed after dismissal of first for failure to exhaust is not "second or successive" under 28 U.S.C. § 2244(b)).  In addition, the one-year federal limitations period, 28 U.S.C. § 2244(d)(1), is tolled while a state prisoner proceeds with a properly filed postconviction action in state court, *id.* § 2244(d)(2).  Because ample time remains in the federal limitations period, there is no good cause to stay the federal petition, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), and no reason to amend and then stay it, *King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009).  The Amended Petition should be dismissed without prejudice, and Holt may file again in this Court when he has exhausted his state remedies.

A certificate of appealability is not warranted because the Amended Petition is not fully exhausted, because there is no good cause to stay and no other reason to amend and stay the petition, and because the exhaustion requirement itself is beyond question.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484); *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack*, 529

U.S. at 484).

Based on the foregoing, the Court enters the following:

**ORDER**

Holt's motion to proceed in forma pauperis (doc. 5) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. The Amended Petition (doc. 4) should be DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Holt may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Holt files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each

recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Holt from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Holt must immediately inform the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 5th day of January, 2012.

/s/ *Carolyn S. Ostby*  
United States Magistrate Judge