IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
FEB 17 2012
PATRICK E. DUFFY CLERK
BY_____
Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

| | |
|---|---|
| BARRY K. HOLT, | Cause No. CV-11-142-BLG-RFC |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*doc. 6*) with respect to Holt's 28 U.S.C. § 2254 amended petition for writ of habeas corpus. *Doc. 4.* Judge Ostby recommends the petition be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Holt has filed timely objections in the form of a Supplement to his Amended Petition for Writ of Habeas Corpus. *Doc. 7.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which

1

objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Holt's objections are overruled.

Before a federal court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with respect to each claim he raises in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982). The exhaustion requirement is a "simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Lundy*, 455 U.S. at 520. To fairly present his federal claims to a state court, a petitioner must:

(1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999);

(2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and

(3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.*

A petitioner must meet all three prongs of the test in one proceeding to make a fair presentation of his claim.

Among the several claims in his federal petition, Holt asked the Montana Supreme Court to hold, on direct appeal, that his eligibility for parole should not be conditioned on his completion of sex offender treatment. But he did not ask the

2

Montana Supreme Court to consider federal law in connection with that claim, and he made the request only in connection with the burglary conviction, not failure to register. Consequently, he did not meet the second and third prongs of the exhaustion requirement as to the parole-eligibility claim.

Holt did not present on direct appeal any of the other claims in his federal petition. Although some of them, as phrased, could not now be presented, see Mont. Code Ann. § 46-21-105(2), Holt also alleges that his appellate counsel was ineffective because she failed to appeal the issues he raises in his federal petition, see Supp. at 5. All of the claims in his federal petition, therefore, may be presented to the trial court in a petition for postconviction relief and, if necessary, appealed to the Montana Supreme Court in that posture.

Additionally, Holt still has time to file a petition for postconviction relief in the trial court. Mont. Code Ann. § 46-21-102(1)(b) (requiring postconviction petition to be filed within one year and ninety days of the date of the Montana Supreme Court's decision on direct appeal). Because he may file his current claims in state court, he must do so if he wishes to file federal claims.

Dismissal of this case is appropriate. Dismissal at this time will not prejudice Holt; he may file anew in federal court when he has properly exhausted his federal claims in the courts of the State of Montana. *Slack v. McDaniel*, 529

U.S. 473, 478 (2000) (holding that second federal petition filed after dismissal of first for failure to exhaust is not "second or successive" under 28 U.S.C. § 2244(b)). In addition, the one-year federal limitations period, 28 U.S.C. § 2244(d)(1), is tolled while a state prisoner proceeds with a properly filed postconviction action in state court, *id.* § 2244(d)(2). Because ample time remains in the federal limitations period, there is no good cause to stay the federal petition, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), and no reason to amend and then stay it, *King v. Ryan*, 564 F.3d 1133, 1143 (9th Cir. 2009). Holt may file again in this Court when he has exhausted his state remedies.

A certificate of appealability is not warranted because the Amended Petition is not fully exhausted, because there is no good cause to stay and no other reason to amend and stay the petition, and because the exhaustion requirement itself is beyond question. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484); *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack*, 529 U.S. at 484).

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that the Amended Petition (*doc.*

4

4) is **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability is **DENIED**.

The Clerk of Court shall enter by separate document a judgment of dismissal, notify the parties of the making of this Order, and close this case accordingly.

DATED this 17th day of February, 2012.

/s/ Richard F. Cebull
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE